UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIXTO CRUZ MURILLO,<br><br>            Plaintiff,<br><br>     v.<br><br>DISTRICT ATTORNEY OFFICE,<br><br>            Defendant. | Case No. 2:22-cv-01920-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF No. 2<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) STAND BY HIS AMENDED COMPLAINT SUBJECT TO A RECOMMENDATION OF DISMISSAL;<br><br>(2) FILE AN AMENDED COMPLAINT<br><br>ECF No. 1<br><br>THIRTY-DAY DEADLINE |

Plaintiff, a state prisoner, brings this section 1983 case against the Tulare County District Attorney's Office. ECF No. 1. His allegations against this lone defendant are insufficient, however. I will give plaintiff leave to amend before recommending that this action be dismissed. I will also grant plaintiff's application to proceed *in forma pauperis*. ECF No. 2.

1

# Screening Order

## I. Screening and Pleading Requirements

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Analysis

As noted above, plaintiff brings this action against one defendant, the Tulare County

District Attorney's Office.[1]  His allegations, which are difficult to understand, are insufficient to proceed.  He appears to allege that some individual incorrectly input his release date into a computer system, but he does not explain the nature of the error or who was specifically responsible.  ECF No. 1 at 4.  I cannot understand what allegations he makes against the district attorney's office or its staff.  To be sufficient, a complaint must put a defendant on notice of the claims against that defendant, and plaintiff's allegations fail to do that.  *See Marino v. Classic Auto Refinishing, Inc.*, 37 F.3d 1354, 1357 (9th Cir. 1994) ("The purpose of notice pleading is to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.") (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957)).

Plaintiff may file an amended complaint.  He is advised that the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Within thirty days from the service of this order, plaintiff may file an amended complaint.  If he does not, I will recommend that this action be dismissed.

3. The Clerk of Court is directed to send plaintiff a complaint form.

---

[1] A district attorney's office may not be a viable defendant in a section 1983 action.  *See Kastis v. Alvarado*, No. 1:18-cv-01325-DAD-BAM, 2019 U.S. Dist. LEXIS 115731, *23, 2019 WL 3037912 (E.D. Cal. Jul. 11, 2019) (acknowledging that there is a conflict in this circuit as to whether a district attorney's office may be sued under section 1983).  For screening purposes, I will presume that such an entity may be sued.

IT IS SO ORDERED.

Dated: __February 22, 2023__    _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE