UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIXTO CRUZ MURILLO,<br><br>Plaintiff,<br><br>v.<br><br>DISTRICT ATTORNEY OFFICE, *et al.*,<br><br>Defendant. | Case No.  2:22-cv-01920-JDP (PC)<br><br><br><br>ORDER |

Plaintiff, a state prisoner, brings this § 1983 case against a district attorney's office, warden Patrick Carvello, sergeant Canella, and officer Mosqueda. ECF No. 19. His allegations are insufficient, however. I will give plaintiff one final opportunity amend before recommending that this action be dismissed.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

1

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The complaint is essentially devoid of factual allegations and is difficult to understand. Although plaintiff—asked to identify issues involved in his claim—checked the boxes for access to court, medical care, retaliation, and "Clark/Armstrong," he appears to be complaining about his parole release date.[1] Since plaintiff has alleged no factual allegations to support any of these constitutional claims, the complaint must be dismissed.

Plaintiff's complaint faces other obstacles. For example, he names as one defendant "district attorney office," but he does not state which office or allege any constitutional violation

---

[1] Plaintiff attached several documents to his complaint, including a letter from a reentry program, ECF No. 19 at 8, a grievance requesting information on his parole release, *id.* at 17, and information on California legislation relating to sentencing, *id.* at 13, 27-29.

by the office. Additionally, I notified plaintiff in my prior screening order that district attorney's offices might not be viable defendants in a § 1983 action. *See Kastis v. Alvarado*, No. 1:18-cv-01325-DAD-BAM, 2019 WL 3037912 (E.D. Cal. Jul. 11, 2019) (acknowledging that there is a conflict in this circuit as to whether a district attorney's office may be sued under section 1983). And more fundamentally, plaintiff does not name the defendants in the body of his complaint. To be sufficient, a complaint must put a defendant on notice of the claims against that defendant, and plaintiff's allegations fail to do that. *See Marino v. Classic Auto Refinishing, Inc.*, 37 F.3d 1354, 1357 (9th Cir. 1994) ("The purpose of notice pleading is to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Plaintiff may file an amended complaint. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff may file an amended complaint. If he does not, I will recommend that this action be dismissed.

2. Failure to comply with this order may result in the dismissal of this action.

3. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   July 12, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3