UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIXTO CRUZ MURILLO,<br><br>              Plaintiff,<br><br>    v.<br><br>DISTRICT ATTORNEY OFFICE,<br><br>              Defendant. | Case No.  2:22-cv-01920-TLN-JDP (PC)<br><br>ORDER WITHDRAWING FINDINGS AND RECOMMENDATIONS THAT THE ACTION BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDERS<br><br>ECF No. 27<br><br>FINDINGS AND RECOMMENDATIONS THAT THE SECOND AMENDED COMPLAINT BE DISMISSED FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>ECF No. 30 |

Plaintiff, a state prisoner, brings this action under section 1983.  I previously recommended that this action be dismissed based on plaintiff's failure to timely file an amended complaint.  ECF No. 27.  Weeks after those recommendations were filed, plaintiff filed an amended complaint.  ECF No. 30.  Given plaintiff's *pro se* status, I will excuse the untimeliness of his amended complaint and will withdraw my previous recommendations.  However, I have reviewed the newly filed amended complaint, ECF No. 30, and find that it fails to state a cognizable claim.  Accordingly, I now recommend dismissal of this action on that basis.

1

**Screening Order**

2

**I.      Screening and Pleading Requirements**

3          A federal court must screen a prisoner's complaint that seeks relief against a governmental

4   entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

5   claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

6   claim upon which relief may be granted, or seeks monetary relief from a defendant who is

7   immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

8          A complaint must contain a short and plain statement that plaintiff is entitled to relief,

9   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

10  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

11  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

12  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

13  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

14  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

15  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

16  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

17  n.2 (9th Cir. 2006) (en banc) (citations omitted).

18         The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

19  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

20  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

21  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

22  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

23  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

24  1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

25

26

27

28

## II.    Analysis

Plaintiff's second amended complaint is incomprehensible.  It names several defendants, including Warden Patrick Covello and an unnamed district attorney.  ECF No. 30 at 1-2.  His allegations are vague, relating to medical care, exercise of religion, disciplinary proceedings, retaliation, and threats to his safety.  *Id.* at 3.  Plaintiff does not elaborate on these categories or explain how each defendant violated his rights.  Documents attached to the complaint indicate that at least some of plaintiff's claims concern his potential release date, *id.* at 14, 16, but I cannot discern the exact nature of those claims or how any of the named defendants wronged him.

Given that this is plaintiff's third complaint, and it contains all the defects of its predecessor, *see* ECF No. 21, I now recommend that this action be dismissed.

Accordingly, it is ORDERED that the findings and recommendations at ECF No. 27 are WITHDRAWN.

Further, it is RECOMMENDED that the second amended complaint, ECF No. 30, be DISMISSED without leave to amend for failure to state a viable claim under section 1983.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    December 12, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28